UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE T. PAYNTER,

    Petitioner,

v.

STATE OF WASHINGTON,

    Respondent.

Case No. C08-5164FDB

ORDER REFUSING TO SERVE AND DIRECTING PETITIONER TO SUPPLEMENT PETITION

The Court, having reviewed the § 2254 petition filed in this case, does hereby find and ORDER:

(1)    The Court will **not** order a response to the petition because the petition does not appear to be timely. A one-year period of limitation applies to federal petitions for writ of habeas corpus. The relevant statute states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>     (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The statute went into effect on April 24, 1996. The Ninth Circuit has held that the period of limitation is subject to equitable tolling, thus, the period may be equitably tolled by the court "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Id. at 1288, *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997). The Ninth Circuit further commented, "We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." Id. at 1289.

Here, Mr. Paynter was convicted in 2000. After his conviction it appears petitioner pursued a direct appeal process to the Washington State Supreme Court which concluded on or about March 23, 2005. The petition shows that Mr. Paynter filed a personal restraint petition ("PRP") which was considered by the State Court of Appeals and dismissed on September 2004.

(2) It appears the Petition in this matter has not been filed within the one-year period of limitation discussed above. Petitioner is directed to supplement or amend his petition by **April 21, 2008,** to show cause why this matter should not be dismissed as untimely.

(3)     The Clerk is directed to send copies of this Order and the General Order to petitioner.

DATED this 28th day of March, 2008.

        */s/ J. Kelley Arnold*
        J. Kelley Arnold
        United States Magistrate