UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE T. PAYNTER,

    Petitioner,

v.

RON VAN BOENING,

    Respondent.

Case No. C08-5164FDB

REPORT AND RECOMMENDATION

Noted for September 19, 2008

This matter has been referred to United States Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrates Rule MJR3 and MJR4. Petitioner is an individual seeking federal habeas relief, pursuant to 28 U.S.C. § 2254, from a conviction for Second Degree Assault, First Degree Burglary, and First Degree Attempted Kidnapping arising out of the Superior Court for Pierce County, Tacoma, Washington. Petitioner was sentenced to 183 months of confinement. After reviewing the Petition, the Answer, and the balance of the record, the undersigned recommends that the Court deny the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

The Commissioner of the Washington Court of Appeals summarized the following facts surrounding Petitioner's convictions and sentence as follows:

> According to the declaration for determination of probable cause, on July 2, 1999, Paynter entered the residence of his former girlfriend, Anita Porter. When she and her new boyfriend, Mark Elmore, returned, he pointed a firearm at them, handcuffed Elmore, and after some other, unreported activity in the residence, forced Porter into the trunk of her car. Thereafter,

REPORT AND RECOMMENDATION
Page - 1

Porter and her boyfriend escaped, and one or both of them notified police. The State charged Paynter with second degree assault against Porter and against Elmore, attempted first degree kidnapping, and first degree burglary, each crime committed while armed with a firearm. Paynter pleaded guilty to those crimes on February 14, 2000, and the State dropped two counts of the four firearm enhancements. On February 16, 2000, the court sentenced Paynter to confinement of 183.5 months, based on an offender score of 10 and the two firearm enhancements.

> One year later, Paynter filed a motion to withdraw his guilty plea in the trial court, claiming that the plea was involuntary. He also argued that one assault, the attempted kidnapping, and the burglary should merge because they involved the same victim. The trial court denied the motion, and Paynter appealed. In his pro se brief, he included a claim that the assault, burglary, and attempted kidnapping were the same criminal conduct. This court found no merit in any of the claims presented to the superior court and declined to address the issues in the pro se brief because they had not been raised below.
>
> Almost two years thereafter, Paynter filed a personal restraint petition, again asserting merger, and other sentencing errors. This court refused to again address the merger claim, but held that two 1985 convictions of rape should not have been counted separately. It remanded for resentencing.
>
> At the resentencing hearing, the parties agreed that Paynter's offender score was 8. The sentencing court imposed the same sentence, now at the high end, rather than the low end of the standard range. Paynter appeals, again asserting that the assault of Porter and the attempted kidnapping were the same criminal conduct. As he did not preserve this issue for appeal, [footnote omitted] he challenges the competency of counsel in not raising it below.

Exhibit 2 of the State Court Record filed along with Respondent's Answer (Commissioner's Ruling Affirming Sentence, *State v. Paynter*, Court of Appeals Cause No. 34004-6-II, at 1-2).

In exchange for the prosecution's agreement to drop two of four firearm sentencing enhancements and to recommend a total sentence of 183.5 months (111.5 months, plus 72 months for the sentencing enhancements), Petitioner pled guilty to two counts of second degree assault with the firearm sentencing enhancements, one count of first degree burglary, and one count of attempted first degree kidnapping. The Pierce County Superior Court accepted Petitioner's guilty plea on February 14, 2000, and the court sentenced him to 183.5 months total confinement on February 16, 2000.

Petitioner did not file a direct appeal from the judgment and sentence; however, on February 16, 2001, he filed a motion in the superior court seeking to withdraw his guilty plea. The superior court denied the motion. Petitioner appealed from the superior court's order, and the Washington Court of Appeals affirmed the superior court's order denying the motion to withdraw the guilty plea. The Washington Court of Appeals subsequently denied Petitioner's motion to extend the time for filing a motion for reconsideration. Petitioner requested the Washington Supreme Court to grant an extension of time to file a motion for discretionary review. The Clerk of the Washington Supreme Court denied the

REPORT AND RECOMMENDATION
Page - 2

request, noting Paynter failed to demonstrate extraordinary circumstances that would justify an extension of time. Petitioner then attempted to file a motion for discretionary review on February 21, 2003. The Clerk informed Petitioner that his motion for discretionary review and accompanying motion could not be considered since they were not timely filed. Petitioner moved to modify the Clerk's ruling. The Washington Supreme Court denied the motion to modify the Clerk's ruling on April 29, 2003, and the Washington Court of Appeals issued its mandate September 18, 2003.

In August, 2004, Petitioner filed a personal restraint petition in the Washington Court of Appeals. The Washington Court of Appeals granted the petition, in part[1], found several of the claims procedurally barred under state law, and did not consider Petitioner's claims regarding merger of the current offenses, the sentencing enhancements, or the application of the state "washout" provisions because the claims were raised and rejected by the Washington Court of Appeals in an appeal from the order denying Petitioner's earlier motion to withdraw the guilty plea. The court also ruled Petitioner's guilty plea waived the sufficiency of the evidence claim, and it declined to consider issues raised for the first time in the reply brief. The Washington Court of Appeals denied Petitioner's motion for reconsideration.

Petitioner sought review by the Washington Supreme Court on March 23, 2005, when he filed a Motion for Discretionary Review. The Commissioner of the Washington Supreme Court subsequently denied review, and the Washington Supreme Court ultimately denied Petitioner's motion to modify the Commissioner's ruling. The Washington Court of Appeals issued a certificate of finality on August 3, 2005.

The trial court resentenced Petitioner in October 2005. The prosecution made the same recommendation as it did during the original sentencing hearing, 183. 5 months of total confinement (111.5 months on the kidnapping charge, plus 72 months for the firearm sentencing enhancements). Exhibit 36, at 3. Recalculation of Petitioner's offender score from 10 to 8 placed the recommended sentence within the statutory standard range, and the trial court resentenced Petitioner to the recommended sentence of 183.5 months. Petitioner appealed from the new judgment and sentence. The Commissioner of the Washington Court of Appeals affirmed the sentence. See Exhibit 2 (Ruling

---

[1]The court concluded that the trial court erred in calculating Petitioner's offender score by counting separately two 1985 second degree rape convictions, and the court remanded the matter to the trial court for resentencing.

REPORT AND RECOMMENDATION
Page - 3

Affirming Sentence). The Washington Court of Appeals denied Paynter.s motion to modify the Commissioner's ruling.  Exhibit 39, Motion to Modify, *State v. Paynter*, Court of Appeals Cause No. 34004-6-II; Exhibit 40, Order Denying Appellant.s Motion to Modify, *State v. Paynter*, Court of Appeals Cause No. 34004-6-II.

Petitioner sought review by the Washington Supreme Court. Exhibit 41, Motion for Discretionary Review, *State v. Paynter*, Supreme Court Cause No. 79910-5.  Petitioner expressly wrote: "The only issue I am presenting to this Court is weather [sic] or not my Assault and Kidnapping should be considered as Same Criminal Conduct for sentencing purposes. That, has been argued and not answered by the Court of Appeals." Exhibit 41, at 1-2.  Petitioner presented this issue as an error of state law.   Exhibit 41.  The Washington Supreme Court denied review on January 8, 2008.  Exhibit 42, Order, *State v. Paynter*, Supreme Court Cause No. 79910-5. The Washington Court of Appeals issued its mandate on March 7, 2008. Exhibit 43, Mandate, *State v. Paynter*, Court of Appeals Cause No. 34004-6-II.  The Commissioner of the Washington Supreme Court denied review.   Exhibit 32, Ruling Denying Review, *In re Paynter*, Supreme Court Cause No. 76817-0.

     Mr. Paynter's instant Petition presents this Court with the following four grounds for habeas corpus relief:

     1. A due process violation for [sic] because the trial court failed to merge counts II and III.

     2. A double jeopardy violation.

     3. An equal protection violation.

     4. 2 ex post facto violations.

Petition (Doc. 8), at 5-6.

## DISCUSSION

*A.  EXHAUSTION AND PROCEDURAL BAR*

     As a threshold issue the Court must determine whether or not petitioner has properly presented his federal habeas claims to the state courts.  In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights.

Duncan v. Henry, --- U.S. ---, 115 S.Ct. 887, 888 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).

The undersigned has compared the issues raised in the instant Petition to those issues raised by Petitioner at the state level during his collateral appeals.

As noted above, Petitioner presented issued to the Washington Surpreme court on three separate occasions. The first time was on February 21, 2003, and the Washington Supreme Court denied Petitioner's request to review the Appellate Court's decision on his motion to withdraw his guilty plea because it found the matter untimely. The motion presented to the Washington Supreme Court contained the following issues:

1. A faulty Arresting Warrant.

2. The use of washout prier's, [sic] and or, not counting the prier [sic] felony as one point.

3. Weapons enhancements ran Consecutively of each other instead of concurrently of each other, with a concurrently ran base sentence.

4. Ineffective Assistance of Council.

Exhibit 18 at 1.

The second time, Petitioner sought review with the Washington Supreme Court was on March 23, 2005, when Petitioner filed his Motion for Discretionary Review, associated with his August 2004 PRP. Appearing on his own behalf, Petitioner's motion for discretionary review presented the following issues to the Court:

> I have brought before the court Constitutional violations in several forms and fashions, with no relief thus far. I ask this court to look at the violations for what they are, and not the way they have been presented because I am not an attorney and have not the proper education to properly present my claims. Case in point, in a very unorthodox manor I made claims, to support my 7.8 motion to withdraw my plea, to the ones I make now, but without the constitutional violations being the prominent point, as I do in my PRP before this court now. The superior court is asking that I be bared [sic] from relief because of that [sic] similarities in my issues, from my direct appeal to my PRP.
> In the pursuit of justice I ask this court to review the violations the court of appeals would not.
>
> 1. The ex post facto application of amendments to the wash out provision's [sic] that are NOT allowing my priers [sic] class "B" felony's [sic] to wash-out. 2. The double jeopardy and/or due process violation surrounding the way in witch [sic] the weapon enhancements were add [sic] to my sentence. 3. The due process violation that led to an equal protection violation, by charging me with burglary. Other issues not with

REPORT AND RECOMMENDATION
Page - 5

> constitutional violations I would like look [sic] at are; the courts [sic] failure to merge the charge of assault and attempted kidnapping of the same victim at the same time and place. The perjury evidence I got AFTER my plea agreement, that put a grate [sic] deal of doubt on the states [sic] key element for the burglary charge, and I might add the hole [sic] reason I first tried to have my plea withdrawn, ve-a [sic] a 7.8 motion, the courts also denied, without a formal hearing. See appendix F, App. No. 27994-1-II, January 10, 2003.

Exhibit 31, at 2-3. The Commissioner agreed with the Washington Court of Appeals that Petitioner's claim concerning "washed out" convictions, and his claim regarding possession of the firearm were barred since the claims were raised and rejected in the appeal from the denial of the motion to withdraw the guilty plea. Exhibit 32, at 1-2. The Commissioner also agreed Petitioner's guilty plea waived the claim challenging the burglary conviction. Exhibit 32, at 2. The Commissioner agreed the "same criminal conduct" claim was without merit. Exhibit 32, at 2.

The third and last time Petitioner presented any issues to the Washington State Supreme Court was on January 9, 2007, in connection with Petitioner's appeal of the trial court's resentencing. Petitioner stated the following in his motion, "The only issue I am presenting to this Court is weather [sic] or not my Assault and Kidnapping should be considered as Same Criminal Conduct for sentencing purposes. That, has been argued and not answered by the Court of Appeals." Exhibit 41 at 1-2. The Washington Supreme Court denied review and the Court of Appeals issued a Mandate on March 7, 2008.

After carefully reviewing the parties' arguments and the state court records, the undersigned finds Petitioner failed to properly exhaust his claims because he did not fairly present the claims to both the Washington Court of Appeals and the Washington Supreme Court as federal claims. First, Petitioner did not properly exhaust any of his claims on the appeal from the denial of the motion to withdraw the guilty plea. Although Petitioner presented claims to the Washington Court of Appeals, he did not then fairly present the claims to the Washington Supreme Court in a timely petition for discretionary review.

Second, when Petitioner attempted to pursue his claims in his August 2004 PRP, the state courts found the claims were procedurally barred under state law. The courts refused to consider claims that had been rejected by the Washington Court of Appeals in the prior appellate proceeding, refused to consider claims raised for the first time in the reply brief, and refused to consider the claim that had been waived by the guilty plea. The only claims found not to be barred were two state law claims, and the court granted relief on one of those two claims. Petitioner did not properly exhaust any federal claim in those proceedings.

Third, Petitioner did not present any federal claim to the Washington Supreme Court in the appeal from the trial court's resentencing. Instead, Petitioner specifically limited his petition for review to a single state law issue. Paynter did not properly exhaust any federal claim in that proceeding.

Accordingly, the court finds Petitioner did not properly exhaust any federal claim in compliance with the procedures established by state law. Since Petitioner failed to properly exhaust his claims, and the state courts found the claims to be procedurally barred under Washington law, the claims are not cognizable absent a showing of cause and prejudice or actual innocence. Petitioner did not sufficiently demonstrate either cause and prejudice, or actual innocence, and therefore, his claims are not cognizable in federal court.

## CONCLUSION

Because Petitioner failed to fully and fairly present his federal claims for habeas relief at the state level, he has failed to properly exhaust his federal habeas claims. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 19, 2008**, as noted in the caption.

DATED this 27th day of August, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge